UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | ) Misc. Nos.   06-125 <br> ) <br> ) |
| I. LEWIS LIBBY, | ) <br> ) |
| Defendant. | ) <br> ) |
| JUDITH MILLER, | ) <br> ) |
| Movant. | ) <br> ) |

**ORDER**

On January 31, 2007, the defendant renewed his request for the production of Judith Miller's notebooks pursuant to Federal Rule of Criminal Procedure 17(c). To compel production of documents under Rule 17(c), the party seeking production "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Nixon v. United States, 418 U.S. 683, 699-700 (1974). After again reviewing the notebooks ex parte and in camera, and in light of the representations made to the Court by Ms. Miller's counsel, this Court is virtually certain that the defense is not entitled to production of the notebooks under the Nixon standard. However, while the Court does not believe that any further entries from these notebooks should be produced to the defendant, it did identify several passages for which additional explanation would be helpful to assure itself that they in no way relate to the issues discussed during Ms. Miller's examination. Because Ms. Miller is the only person who can accurately elaborate upon the substance,

meaning, and context of certain notes in her notebooks, the Court will therefore require her to provide an affidavit explaining these entries, as detailed below. Accordingly, it is hereby this 1st day of February, 2007,

**ORDERED** that Judith Miller, along with her counsel, shall review her June 18, 2003 and July 1, 2003 notebooks to assess whether any of the notations made therein (and not already provided to the parties) relate to Ambassador Joseph Wilson or Valerie Plame Wilson or to the testimony she provided during the trial of this matter. Ms. Miller and her attorney should pay particular attention to entries on the following pages from the June 18, 2003 notebook: 25-32, 46, 68, and 76, and to entries on the following pages from the July 1, 2003 notebook: 4, 31, 33, 54, 55, 61, and 78 (back). It is further

**ORDERED** that Ms. Miller and her Counsel shall, by February 5, 2007, file an *ex parte* affidavit confirming for the Court that the above review has been conducted and detailing whether any of the entries in the June 18, 2003 or July 1, 2003 notebooks relate to Ambassador Joseph Wilson or Valerie Plame Wilson or to the testimony she provided during the trial of this matter. It is further

**ORDERED** that the affidavit shall also detail the meaning and circumstances surrounding the entries on the specific pages identified above, even if these entries do not bear directly on Ambassador Joseph Wilson, Valerie Plame Wilson, or Ms. Miller's testimony during the trial of this matter.

**SO ORDERED**.

_____
REGGIE B. WALTON
United States District Judge